UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS POWER & LIGHT COMPANY, | ) ) ) |
| Plaintiff, | ) ) CASE NO. 1:10-cv-0124 SEB-TAB |
| v. | ) ) ) |
| FULLER MOSSBARGER SCOTT AND MAY ENGINEERS, INC., STANTEC CONSULTING CORPORATION, and STANTEC CONSULTING SERVICES, INC. | ) ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Fuller Mossbarger Scott and May Engineers, Inc. ("FMSM"), Stantec Consulting Corporation ("SCC"), and Stantec Consulting Services, Inc. ("SCS") (collectively, "Defendants"), by counsel, for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

### I. ANSWER

1. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 1 of Plaintiff's Amended Complaint.

2. Defendants admit the material allegations contained in rhetorical paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants deny that portion of rhetorical paragraph 3 of Plaintiff's Amended Complaint that alleges that SCC acquired assets and liabilities of FMSM. Defendants admit the

remaining material allegations contained in rhetorical paragraph 3 of Plaintiff's Amended Complaint.

    4.    Defendants admit the material allegations contained in rhetorical paragraph 4 of Plaintiff's Amended Complaint.

    4. (misnumbered)    Defendants admit the material allegations contained in rhetorical paragraph 4 (misnumbered) of Plaintiff's Amended Complaint.

    5.    Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 5 of Plaintiff's Amended Complaint.

    6.    Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 6 of Plaintiff's Amended Complaint.

    7.    Defendants admit the material allegations contained in rhetorical paragraph 7 of Plaintiff's Amended Complaint.

    8.    Defendants admit the material allegations contained in rhetorical paragraph 8 of Plaintiff's Amended Complaint.

    9.    Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 9 of Plaintiff's Amended Complaint.

    10.    Defendants admit that portion of rhetorical paragraph 10 of Plaintiff's Amended Complaint that alleges that IPL operates the Eagle Valley Generating Station ("Eagle Valley") in Morgan County, Indiana.  Defendants are without sufficient information or knowledge to either admit or deny the remaining material allegations in rhetorical paragraph 10 of Plaintiff's Amended Complaint.

    11.    Defendants admit the material allegations contained in rhetorical paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants admit that portion of rhetorical paragraph 15 of Plaintiff's Amended Complaint that alleges that five ash ponds, A, B, C, D and E, are maintained at the Eagle Valley facility. Defendants are without sufficient information or knowledge to either admit or deny the remaining material allegations contained in rhetorical paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants are without sufficient knowledge to either admit or deny the material allegations contained in rhetorical paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants admit the material allegations contained in rhetorical paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants admit that portion of rhetorical paragraph 19 of Plaintiff's Complaint that alleges the existence of a contractual relationship between FMSM and IPL for engineering services. Defendants deny the remaining material allegations contained in rhetorical paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient information or knowledge to either admit or deny that portion of rhetorical paragraph 20 of Plaintiff's Amended Complaint that alleges that the

Request for Quotation was disseminated to other potential parties. Defendants deny the remaining material allegations contained in rhetorical paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants admit that portion of rhetorical paragraph 21 of Plaintiff's Complaint that alleges that on or about March 7, 2007, FMSM submitted a revised proposal for engineering support services related to dikes D and E. Defendants deny the remaining material allegations contained in rhetorical paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that portion of rhetorical paragraph 22 of Plaintiff's Complaint that alleges that a contract was entered into by and between IPL and FMSM. Defendants deny the remaining material allegations contained in rhetorical paragraph 22 of Plaintiff's Complaint.

23. Defendants admit that portion of rhetorical paragraph 23 of Plaintiff's Complaint that alleges that work commenced on the reconstruction of the dike system. Defendants deny the remaining material allegations contained in rhetorical paragraph 23 of Plaintiff's Complaint.

24. Defendants admit that portion of rhetorical paragraph 24 of Plaintiff's Complaint that alleges that FMSM observed some of the work done to repair and reconstruct the dikes. Defendants deny the remaining material allegations contained in rhetorical paragraph 21 of Plaintiff's Complaint.

25. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants admit that portion of rhetorical paragraph 27 of Plaintiff's Complaint that alleges that a breach of the dike system occurred on or about January 30, 2008. Defendants are

without sufficient information or knowledge to either admit or deny the remaining material allegations contained in rhetorical paragraph 27 of Plaintiff's Amended Complaint.

28. Defendants are without sufficient information or knowledge to either admit or deny the material allegations contained in rhetorical paragraph 28 of Plaintiff's Amended Complaint, but deny that any damages alleged by IPL were caused, or contributed to, by Defendants.

## Breach of Contract

29. In response to rhetorical paragraph 29, Defendants incorporate herein by reference their responses to the material allegations of rhetorical paragraphs 1 through 28 of Plaintiff's Amended Complaint.

30. Defendants admit that the language quoted in rhetorical paragraph 30 of Plaintiff's Amended Complaint was included in the contract between IPL and FMSM. Defendants deny any remaining material allegations contained in rhetorical paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny the material allegations contained in rhetorical paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants deny the material allegations contained in rhetorical paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants deny the material allegations contained in rhetorical paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants deny the material allegations contained in rhetorical paragraph 34 of Plaintiff's Amended Complaint.

35. Defendants deny the material allegations contained in rhetorical paragraph 35 of Plaintiff's Amended Complaint.

36. Defendants admit that the language quoted in rhetorical paragraph 36 of Plaintiff's Amended Complaint was included in the terms and conditions of Purchase Order 858040. Defendants deny that the quoted terms are controlling or enforceable terms and conditions of the contract, and further deny any remaining material allegations contained in rhetorical paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants deny the material allegations contained in rhetorical paragraph 37 of Plaintiff's Amended Complaint.

38. Defendants deny the material allegations contained in rhetorical paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants deny the material allegations contained in rhetorical paragraph 39 of Plaintiff's Amended Complaint.

40. Defendants deny the material allegations contained in rhetorical paragraph 40 of Plaintiff's Amended Complaint.

**Declaratory Judgment**

41. In response to rhetorical paragraph 41 of Plaintiff's Amended Complaint, Defendants incorporate herein by reference their responses to the material allegations of rhetorical paragraphs 1 through 40 of Plaintiff's Amended Complaint.

42. Defendants need not offer any response to the material allegations contained in rhetorical paragraph 42 of Plaintiff's Complaint, in that rhetorical paragraph 42 contains an alternative request for relief from the Court to which Defendants cannot respond. However, to the extent that a response to the material allegations contained in rhetorical paragraph 42 of Plaintiffs' Complaint is required, Defendants are without sufficient information or knowledge to either admit or deny said material allegations.

43. Defendants deny the material allegations contained in rhetorical paragraph 43 of Plaintiff's Amended Complaint.

### Negligence

44. In response to rhetorical paragraph 44 of Plantiff's Amended Complaint, Defendants incorporate herein by reference their responses to the material allegations of rhetorical paragraphs 1 through 43 of Plaintiff's Amended Complaint.

45. Defendants deny the material allegations contained in rhetorical paragraph 45 of Plaintiff's Amended Complaint.

46. Defendants deny the material allegations contained in rhetorical paragraph 46 of Plaintiff's Amended Complaint.

WHEREFORE, Defendants, Fuller Mossbarger Scott and May Engineers, Inc., Stantec Consulting Corporation, and Stantec Consulting Services, Inc. pray that the Plaintiff take nothing by way of its Amended Complaint, that the Court enter judgment in Defendants' favor and against Plaintiff on its Amended Complaint, for an award of court costs and expenses, including attorneys' fees, and for all other just and proper relief in the premises.

## II. AFFIRMATIVE DEFENSES

Defendants Fuller Mossbarger Scott and May Engineers, Inc., Stantec Consulting Corporation, and Stantec Consulting Services, Inc., by counsel, hereby assert the following affirmative defenses in response to Plaintiff's Amended Complaint:

1. Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Pursuant to I.C. § 34-51-2-6, Plaintiff is are barred from recovery as to its claim for negligence, as the comparative fault of Plaintiff is greater than the fault of all persons or entities whose fault proximately contributed to Plaintiff's damages.

3. Pursuant to I.C. § 34-51-2-5, Plaintiff's comparative fault diminishes proportionately any damages alleged in Plaintiff's Amended Complaint.

4. Any harm alleged by Plaintiff can be attributed to several causes, and the liability and damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

5. Plaintiff is barred from recovery as to their claim for negligence, because the limitations period for negligence claims had expired prior to the filing of Plaintiff's Complaint.

6. Plaintiff's recovery, if any, should be reduced by the amount of collateral source payments received by Plaintiff for Plaintiff's alleged damages.

7. The incident, injuries and damages alleged in Plaintiff's Amended Complaint were caused solely, or contributed to, by the acts or omissions of the other parties to this action, and/or unidentified non-parties, over which Defendants had no control.

8. Plaintiff has failed to mitigate its damages, if any.

9. The claims stated in Plaintiff's Amended Complaint are barred by the economic loss doctrine.

10. Plaintiff's claims for damages and declaratory relief are precluded and/or limited based on the terms of the contract between them.

11. Plaintiff has waived its claims for damages and declaratory relief based on the terms of the contract between them.

12.     Plaintiff's alleged damages, if any, were the result, in whole or in part, of an accident or act of God and/or the result of an unforeseeable, independent, superseding and/or intervening cause or causes, including but not limited to an act of nature, over which Defendants had no control.

13.     Defendants' work complied with all applicable codes, standards, ordinances, regulations or specifications and was in conformity with the generally recognized state of the art and prevailing standards in the industry at the time said work was performed.

14.     Defendants incorporate by reference any and all affirmative and other defenses raised by any other party to this litigation and reserve the right to amend their affirmative defenses as the evidence may support.

WHEREFORE, Defendants, Fuller Mossbarger Scott and May Engineers, Inc., Stantec Consulting Corporation, and Stantec Consulting Services, Inc., pray that the Plaintiff take nothing by way of its Amended Complaint, that the Court enter judgment in Defendants' favor and against Plaintiffs on its Amended Complaint, for an award of court costs and expenses, including attorneys' fees, and for all other just and proper relief in the premises.

> _s/ Andrew J. Mallon_
> Thomas J. Grau (#8385-49)
> Andrew J. Mallon (#23055-49)
> Drewry Simmons Vornehm, LLP
> 8888 Keystone Crossing, Suite 1200
> Indianapolis, IN 46240-4621
> (317) 580-4848
> (317) 580-4855 (fax)
> tgrau@drewrysimmons.com
> amallon@drewrysimmons.com
> *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 26, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Briane M. House
Nelson A. Nettles
Angela S. Field
Norris Choplin & Schroeder, LLP
101 West Ohio Street, 9th Floor
Indianapolis, IN  46204
bhouse@ncs-law.com
nnettles@ncs-law.com
afield@ncs-law.com
*Attorneys for Plaintiff Indianapolis Power & Light Company*

                                    *s/ Andrew J. Mallon*
                                    Andrew J. Mallon

Drewry Simmons Vornehm, LLP
8888 Keystone Crossing, Suite 1200
Indianapolis, IN 46240-4621
(317) 580-4848
(317) 580-4855 (fax)
amallon@drewrysimmons.com
tgrau@drewrysimmons.com